Nott, J.
delivered the opinion of the Court.
The first and second grounds of appeal in this case may be considered together.
It has been settled in this State, long before any of our printed cases, that notice of a previous conveyance, to a subsequent purchaser, was equivalent to recording. And that is not a peculiar doctrine of our Courts. It is a principle well settled in all civilized nations where registry acts are required; and for the best of all possible reasons. The object of recording is to give notice, and thereby to prevent fraud ; but if the party has actual notice, the purpose is as effectually answered as it can be by notice implied from recording : and a person purchasing with notice is guilty of a fraud himself, and ought not to derive a benefit from his own fraudulent act. Notice must be proved like any other fact; but the evidence ought to be clear and satisfactory. And the only question now is, whether the evidence in this case was of that sort.
*5 Mr. Mayson swears, that Johnson Sale undoubtedly had notice ; for that .he, Mayson, conversed with him on the subject, and expressed his doubts whether the property was sufficient to make him secure. The relation too, in which Johnson Sale stood to the parties, and all the circumstances attending the transaction, go to establish the fact. The goods, to obtain possession of which the mortgage was given, were in the hands of Mr. Rodgers, and would not be delivered out until the arrangement was effected ; and Johnson Sale, was the brother and confidential clerk of the mortgagor, and must necessarily have been acquainted with the fact. This view of the ground also answers another objection, that there was but one witness opposed to the answer of this defendant. The testimony of Mr. Mayson, taken in connection with the other circumstances, was abundantly sufficient to answer that objection. Possibly a difference of opinion may exist on this question, but the Chancellor has decided upon it, and I see no reason to be dissatisfied with his decision.
I am also of opinion that the decree may be supported as against this defendant on another ground. The act makes the prior unrecorded deed void, only as against a subsequent bona Jirle purchaser for a valuable consideration; and there is no evidence that the defendant is of that description. The pretence is, that the land was conveyed to him as trustee for his brother’s ward ; but there is not a tittle of evidence of that fact. Johnson Sale stood in no such relation to the infants as to entitle him to their confidence. Nor dees it appear, that they, or any friend of theirs, had solicited such a favour; or that they had intimated such a wish ; or that it was necessary for their security. It was then a voluntary deed of John Sale the Guardian. And we have no evidence that his motives were such as are now pretended, but his own declarations, which certainly are entitled to no confidence. The deed speaks a different language : and if his object was that which is now alleged, why was it not so declared on the face of the deed 1 As between him and his wards his declaration might be evidence against himself; but they were not evidence against others, and particularly to defeat his own deed. We do not see that the measure was called for by the occasion. He had given security for the faithful performance *6 ^'s ^uty as guar<ban: and it does not appear that the security was not ampie. I can see no other motive, therefore, but to defraud his creditor, and his friend, and to make his brother his tenant, t0 hold for him, for any purpose that he might afterwards desire. I consider it not only a voluntary deed but one contaminated throughout with actual fraud. It was made to his brother as an absolute unconditional deed, without any declaration of trust, and without any consideration, as is admitted by both. It was immediately put upon record in older to secure it against the prior mortgage : and then the brother might convey to any future uses as occasion might require.
On both of these grounds I am therefore of opinion that the mortgage to the complainant is to be preferred.
In relation to the third ground, the question can only now arise as between the mortgage to Mayson and the one to Brooks ; and it is conceded in the language of the defendant’s brief that “ the act of 1791 has fixed the test of the validity and priority of mortgages upon the recording, and not upon notice.” But it never was doubted, that recording was notice to all the world; and the mortgage to Mayson having been made, and recorded, before that to Brooks was executed, was undoubtedly entitled to a preference.
The fourth and fifth grounds are already embraced in the observations made on the other grounds. On the sixth ground no evidence has been given by which we can ascertain to what merit it isintitled; but I am inclined to think, that upon John Sale being appointed guardian, and titles being executed to him, and the funds being thus placed in his hands, the land would be released from the legal lien previously created. However that may be, the minors are not prejudiced by this decree, as they are not parties to the suit.
I am of opinion therefore that the decree ought to be affirmed and it is ordered and adjudged accordingly.

Decree affirmed.